## Werner et al., Appellants, *v.* Pittsburgh et al.

*Municipalities—Streets — Sidewalks — Change of width — Ordinance—Construction—Bill in equity—Dismissal.*

1. A municipal ordinance providing inter alia "that all sidewalk pavements, curbing and boardwalks, and the laying and repair of the same, shall be under the direction and control of the Department of Public Works," and fixing the width of sidewalks according to the width of streets, applies to all streets, old as well as new, and, in repairing and otherwise improving an existing street, the width of the sidewalk should be adjusted in accordance with the terms of such ordinance.

2. Where after the passage of such ordinance the municipality reduced the width of a sidewalk from six to three feet during the absence of an abutting property owner, a bill in equity thereafter brought by such owner to compel the municipality to restore the sidewalk to its original width on the ground that the ordinance did not refer to existing walks, and the change was therefore unauthorized, was properly dismissed.

Argued Oct. 20, 1916. Appeal, No. 164, Oct. T., 1916, by plaintiffs, from decree of C. P. Allegheny Co., Jan. T., 1916, No. 403, in equity, refusing an injunction, in case of Oswald H. Werner, Augusta A. Werner, Katie R. Werner, Annie Kreusler and Emma K. Etnier v. The City of Pittsburgh, a Municipal Corporation; Joseph G. Armstrong, Mayor; Robert Swan, Director of the Department of Public Works, and John F. O'Toole, Superin-

tendent of the Bureau of Highways and Sewers. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for an injunction and to compel restoration of sidewalk to original width. Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

The court on final hearing dismissed the bill. Plaintiffs appealed.

*Errors assigned* were rulings on evidence, conclusions of law, and the decree of the court.

*Charles W. Dahlinger,* for appellants.

*C. K. Robinson,* with him *C. A. O'Brien,* for appellees.

OPINION BY MR. JUSTICE WALLING, February 5, 1917:

By ordinance of the defendant city, approved January 30, 1907, it is provided, inter alia, "that all sidewalk pavements, curbing and boardwalks, and the laying and repair of the same, shall be under the direction and control of the department of public works. The width of sidewalks in the City of Pittsburgh shall be as follows:

"On a twenty-foot street, three feet; on a twenty-four-foot street, five feet; on a forty-foot street, eight feet; on a forty-five foot street, nine feet in width on each side, and one-fifth of the width of all other streets, except as hereinbefore provided by special ordinance."

Scott Way is a public street of said city of the width of twenty feet, and extends in a northerly and southerly direction from Penn avenue to Duquesne Way. In 1869, it was improved by the construction therein of a pavement and sidewalks, the walk on the west side being then constructed of the width of six feet and that on the east side of the width of five and one-half feet, and so remained until 1915. It does not appear that the width of the

sidewalks or either of them had been fixed by special ordinance. As so constructed the cartway was not of sufficient width for vehicles to pass each other and it was a one-way street or alley.

In 1915, at the instance of the director of the Department of Public Works of said city, Scott Way was improved by change of grade and repaving; and at the same time the curb was set so as to make the west sidewalk of the width of three feet and the north part of the east sidewalk of the same width; but the south end of the east sidewalk was permitted to remain of the width of five feet to afford exit from the west side of the Miles theater, which is located on the northeast corner of Penn avenue and Scott Way. As thus rebuilt said way has become a two-way street, where drays and other vehicles can comfortably pass each other, except opposite the theater where only empty wagons or narrow loads can so pass. The reconstruction of the way was for the purpose of relieving the congested condition of traffic in that locality.

Plaintiffs own the property on the northwest corner of Penn avenue and Scott Way and it has been in their family since purchased by their father in 1868, and thereon is a four-story stone and brick building. Their property abuts on said way for a distance of 120 feet.

Plaintiffs constructed the new walk in 1915 as ordered by the city; however, at that time said Oswald H. Werner, who had charge of this property, was absent from the city; and on his return, being dissatisfied with the width of the walk as then established, with the other plaintiffs brought this bill in equity to secure a restoration of the west sidewalk to its original width of six feet. The court below held that plaintiffs were not entitled to the relief prayed for and dismissed the bill.

The right of a city to fix the width of the sidewalks in its public streets is unquestioned; but it is earnestly urged for plaintiffs that the ordinance, in part above quoted, only refers to new streets thereafter opened and

does not effect or authorize a change of the width of existing walks.    We agree with the court below that the language of the ordinance being general and unrestricted applies to all streets old as well as new; and that in repairing and otherwise improving an existing street the width of the walks should be adjusted in accordance with the terms thereof.    Such construction is justified by the language of the ordinance and will tend to produce uniformity.    Plaintiffs ask no relief as to the width of the walk on the east side of said way opposite their property; so it is not necessary here to determine whether the director of the department of public works exceeded his authority in permitting that walk to be so reconstructed of the width of five feet.

The assignments of error are overruled and the decree is affirmed.